MEISTER v. MOORE.   See Case No. 9 398.

MELDRUN (WELLS v.).   See Case No. 17,-402.

———

## Case No. 9,399.

### In re MELICK.

[4 N. B. R. 97 (Quarto, 26).] [1]

District Court, D. New Jersey. 1870.

BANKRUPTCY — PARTNERSHIP—JOINT CREDITOR — ADJUDICATION OF ONE PARTNER.

An adjudication of bankruptcy may be made against one partner only upon a joint debt. The partnership creditor has such an interest in the separate property of any one of the partners, that he may proceed against one alone.

[Cited in Re Jewett, Case No. 7,306; Re Redmond, Id. 11,632; Re Lloyd, Id. 8,429; Re McLean, Id. 8,879; Re Webb, Id. 17,317; Re Litchfield, 5 Fed. 50.]

[Cited in Curtis v. Woodward, 58 Wis. 506, 17 N. W. 328.]

In bankruptcy.

W. L. Dayton and J. N. Voorhees, for creditor.

James Wilson, for debtor.

NIXON, District Judge. Benjamin Cole files his petition in this court, praying that

———

[1] [Reprinted by permission.]

one Isaac C. Melick be adjudged a bankrupt, and in his petition he sets out that the nature of his demand against the said Melick is a certain judgment obtained by him in the supreme court of the state of New Jersey, on the 10th day of June, A. D. 1870, against the said Isaac C. Melick and one Daniel H. Cole, late partners, and trading as Cole & Melick, for the sum of five hundred and six dollars and eighty cents damages, and forty dollars and sixty-five cents taxed costs of suit. Various acts of bankruptcy are charged in the petition to have been committed by the said Melick, which are denied by the alleged bankrupt, and before the trial the said Melick appears by counsel, and moves the court to set aside the petition upon the ground that the debt proved is against the late firm of Cole & Melick, and that the proceedings in bankruptcy should have been taken, if at all, against both members of the firm.

This objection brings before the court the consideration of the question, whether the bankrupt law [of 1867; 14 Stat. 517], confers upon the court jurisdiction against one partner where the debt proved is a partnership debt. The question is not a new one. It arose in the time of Lord Hardwicke, and he entertained such grave doubts upon the subject that he directed a trial before Lord Chief Justice Willes. The chief justice also doubted, and reserved the matter for argument by counsel before the court of common pleas, which unanimously decided that a commission could be regularly issued in such a case. Lord Hardwicke, in adverting to the case Ex parte Crisp, says, "Whatever doubts I might have before, it is now established to be law, in the unanimous opinion of the court of common pleas, that a commission of bankruptcy may issue against one partner only for a joint debt." 1 Atk. 134. This early settlement of the question in England has been uniformly adhered to by subsequent chancellors. It was recognized by Lord Loughborough, Ex parte Elton, 3 Ves. 239, and expressly acted on by Lord Eldon in Ex parte Clay, 6 Ves. 813a, and Ex parte Chandler, 9 Ves. 35, and Ex parte Bolton, 2 Rose, 389, where he says, "Since the case of Ex parte Crisp [1 Atk. 134], a decision now, at least, sanctioned by time, it has been clearly settled, that a joint creditor may take out a separate commission." The same view of the question has been taken by the courts of this country. The case of Tuckers v. Oxley, 5 Cranch [9 U. S.] 34, turned upon this, and all the reasoning of Chief Justice Marshall, in his able opinion, goes to the recognition of the principle, that the joint creditor of a partnership, upon the proof of his debt, is entitled to have a separate commission against any one of the partners.

In Murray v. Murray, 5 Johns. Ch. 60, Chancellor Kent reviews the English cases with his usual learning and discrimination, and, although that case is principally taken

up in discussing and stating the proper mode of marshaling the partnership and separate assets, in the payment of the partnership and separate debts, yet it distinctly asserts the right, and in many cases the propriety, of a separate commission against one partner when the debt proven is a partnership debt. But it was insisted upon the argument of the learned counsel of the alleged bankrupt, that the bankrupt act of 1867 has changed the law in this respect, and that section 36 of that act was framed and designed to prevent proceedings in bankruptcy against one partner upon proof of a partnership liability. In the judgment of the court, counsel has misapprehended the object, purport, and scope of that section. It was inserted simply to indicate the correct and equitable mode of administration of the partnership property and separate estates of each partner, when "two or more persons who are partners in trade shall be adjudged bankrupt," and cannot be made to apply to the case under consideration, where only one of the partners is proceeded against. That section was first introduced into the bankrupt act of 1841 [5 Stat. 440], and, in its main features, embodied no new law, but was only declaratory of the equitable principles which the courts had adopted in the distribution of the bankrupt's assets. It was, nevertheless, proper and useful in this respect: that it put to rest the long mooted and much discussed question of the power of the bankrupt court in administering the bankrupt's estate, to make orders for the marshaling of assets and the payment of partnership debts with partnership funds, and separate debts with separate funds, without the intervention of proceedings by bill in equity. It required some such provisions to enlarge the jurisdiction of the bankrupt court, and to clothe its orders with authority, for before this time, as was quaintly said by one of the lord chancellors, each order seemed "to carry a chancery suit in the bosom of it," and thus involved greater delays and expenses in the equitable administration of partners' estates.

I do not now consider the other objection, urged in the argument against this proceeding, to wit: The practical difficulties which may arise in administering the joint and separate estates, where a joint creditor asks for a separate commission. This objection is addressed rather to the fears of the petitioning creditor than to the power of the court. There are, doubtless, many difficulties in the proceeding. The relation which the assignee of the bankrupt will sustain towards the other partner, as to the right to administer and control the partnership property: how far the assignee, by an order of the court, and without the intervention of a bill making the other partner a party, can reach the joint assets: whether, if there be partnership assets and the other partner is living and solvent, and if there should be separate debts of the alleged bankrupt, the dividend of the

petitioning creditor must be postponed until the payment of such separate debts; are all questions which have heretofore arisen, and have been the fruitful source of doubt and discussion, and may arise in this case. But without expressing any opinion in reference to them, and looking to the single question now before me, I am constrained, upon principle and authority, to say that a partnership creditor has such an interest in the separate property of any one of the partners, that he may proceed against one alone upon the proof of his debt, and the motion to set aside this petition is overruled with costs.